976 F.2d 1445
 298 U.S.App.D.C. 141
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES, Appellee,
v.
Meredith MASON, Appellant.
 No. 90-3002.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 1, 1992.
Rehearing and Rehearing En Banc
Denied Dec. 18, 1992.
 
 1
 Before MIKVA, Chief Judge, HARRY T. EDWARDS and KAREN LECRAFT HENDERSON, Circuit Judges
 
 JUDGMENT
 PER CURIAM
 
 2
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 3
 ORDERED and ADJUDGED by this Court that the appellant's conviction be affirmed for the reasons stated in the accompanying memorandum. Judge Edwards dissents from the judgment in a separate, accompanying opinion.
 
 
 4
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 5
 Appellant was charged with unlawfully possessing with intent to distribute 500 or more grams of a substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II) (1988). On September 19, 1989, after a hearing the previous day, District Court Judge Thomas Penfield Jackson issued an order denying her motion to suppress the use of the drugs as evidence. Appellant subsequently pleaded guilty to the indictment, and the District Court sentenced her to sixty months' incarceration.
 
 
 6
 Appellant challenges the District Court's ruling denying her motion to suppress physical evidence. She argues that the police lacked the reasonable suspicion necessary to justify their detention of her luggage in order to submit it to a dog-sniff. Terry v. Ohio, 392 U.S. 1 (1968); United States v. Place, 462 U.S. 696, 706-07 (1983) (extending the principles of Terry to brief detentions of luggage for purposes of a dog sniff).
 
 
 7
 The United States asserts that the detective who detained her luggage had the requisite reasonable suspicion because, before he detained the bags, he observed Ms. Mason: (1) arrive on a night train from a source city; (2) change direction and walk quickly toward the exit after making eye contact with Detective Centrella; (3) produce a confusing form of identification; (4) say she had no ticket; and (5) become very nervous during her interview by the detective.
 
 
 8
 In United States v. Nurse, 916 F.2d 20 (D.C.Cir.1990), we upheld a temporary detention of luggage for a dog sniff on very similar facts. We find that this case is almost identical to Nurse, and we thus affirm the District Court's rejection of the appellant's motion to suppress the drugs that the police discovered she was carrying.
 
 
 9
 In the hearing below, the District Court suggested that it could consider the fact that Ms. Mason refused to consent to a search of her luggage in determining whether the detective had reasonable suspicion. Transcript of Motions at 42. A trial judge may not, in fact, use such a refusal as a factor in deciding whether there was sufficient reason to engage in a Terry-type detention of luggage. Contrary to our dissenting colleague's suggestion, we do not consider reliance on such a factor to be harmless. But the trial judge did not indicate such reliance, and indeed, the government did not rely on that statement of the trial judge to justify the detention. Nor do we.
 
 HARRY T. EDWARDS, Circuit Judge, dissenting:
 
 10
 I agree that it is difficult to distinguish this case from United States v. Nurse, 916 F.2d 20 (D.C.Cir.1990). However, in my view, the judgment in Nurse was wrong, as is the judgment in this case. The decision in this case, and in Nurse as well, implicitly suggests that a police officer always will be found to have acted pursuant to "reasonable suspicion" so long as illegal drugs are among the fruits of the detention. The problem with this approach is that there is no "drug exception" to the Fourth Amendment and this court has no authority to create one. See USA v. Tavolacci, 895 F.2d 1423, 1430 (1990) (Edwards, J., dissenting) ("Like other provisions in the Bill of Rights, the Fourth Amendment guarantee that police personnel cannot block and burden the movement of citizens without good reason for doing so is perhaps most urgently to be protected when it is least popular.") (emphasis in original) (footnote omitted).
 
 
 11
 Our process of adjudicating drug cases is so at odds with the controlling constitutional mandate that the trial judge in this case ruled that the defendant's refusal to consent to a search was evidence of "reasonable suspicion."* This rather bizarre extension of the case law was offered by the trial judge with no apparent recognition of the gravity of the error, and it is now dismissed by the majority on appeal as if harmless.
 
 
 12
 If the Government can prevail in this case--where the officer had no reasonable basis whatsoever for detaining the defendant's suitcase and the trial court thought that a failure-to-consent-to-search justifies detention--then there is no law of search and seizure left to apply.
 
 
 13
 To some there may seem to be a comfortable distance between the pressing everyday efforts of law enforcement officials to thwart drug trafficking and any threat those officials might pose to vital Fourth Amendment freedoms. Yet, it is when we ignore the proximity of the two that we come closest to destroying the balance of order and liberty that our Constitution demands. If we continue on our current course, we may soon embrace a doctrinal conclusion that armed agents of the law can block the free movement of citizens for any reason or for no reason, with or without reasonable articulable suspicion. Surely the Constitution does not permit such a result.
 
 
 14
 Id. at 1431. I dissent.
 
 
 
 *
 Transcript of Motions before the District Court at 42, 44, United States v. Mason, Cr. No. 89-166 (D.D.C. Sept. 18, 1989)